UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DIVERSIFIED LENDING, LLC, )
)
Plaintiff/Judgment Creditor, )
)
v. ) Civil Action No. 1:12-mc-10 (LO/TCB)
)
THOMAS G. HOTZ, )
)
Defendant/Judgment Debtor. )
)

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff Diversified Lending, LLC's Motion for Award of Legal Fees and Expenses (Dkt. 22). Plaintiff seeks to recoup fees and expenses incurred in connection with its Motion for Contempt (Dkt. 8) and Motion for Sanctions (Dkt. 12). As stated in the Court's order of December 14, 2018, much of the relief sought by Plaintiff in its Motion for Sanctions is now moot (Dkt. 21). However, the Court still allowed Plaintiff to file a statement of fees and costs incurred in connection with this matter within seven (7) days, which Plaintiff has done. Defendant did not lodge an objection with Plaintiff's request. Now, the undersigned addresses and awards, in part, Plaintiff's request for attorney's fees and costs.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a court grants a motion to compel, then "the court must . . . require the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A).[1] Therefore, should a court grant a motion to compel, it may only decline to

---

1. Rule 37(a)(5)(A) also states that fees and costs may not be awarded unless the parties have been given an opportunity to be heard. The Court held a hearing on the Motion for Contempt on October 12, 2018, at which Defendant did not appear.

award reasonable expenses if one of a limited number of exceptions apply. Id.

Here, Plaintiff did not file a motion to compel pursuant to Rule 37(a)(5). Instead, Plaintiff filed a Motion for Contempt pursuant to Rule 45(g).[2] However, this Court treated Plaintiff's Motion as a motion to compel. The Court only granted Plaintiff's Motion in part, ordering Defendant to comply with the subpoena and turn over other necessary documents, and declined to hold Defendant in contempt. (Dkt. 11.) Additionally, the Court warned Defendant that failure to comply with the Court's order could result in sanctions pursuant to Rule 37. (Id.) Accordingly, the Court will evaluate Plaintiff's request for fees and expenses incurred filing its contempt motion under Rule 37(a). Because the Court finds that none of Rule 37(a)'s enumerated exceptions apply, the Court shall award Plaintiff attorney's fees upon a determination that the fees are reasonable.

The Court finds that Plaintiff's counsel reasonably spent 7 total hours in connection with its motion, consisting of 3.1 hours by Bryan M. Mull and 3.9 hours by David S. Musgrave. (Dkt. 22-2 at 3.). Mr. Mull is an associate and his hourly billing rate in this case is $370. (Id. at 7.) Mr. Musgrave is a partner and his hourly billing rate in this case is $570. (Id.) After reviewing counsel's itemized time entries as well as the twelve factors to be considered when determining the reasonable billing rate and hours,[3] see Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243-44 (4th Cir. 2009), the Court finds that Defendant should be awarded $3,175 in attorney's fees. The Court declines to award Plaintiff fees for counsel's correspondence. Rule 37(a) allows an

---

2. Plaintiff moved pursuant to Rule 45 because it issued a subpoena duces tecum to Defendant. Although discovery requests to parties are often made through Rule 34, courts in this Circuit have found Rule 45 subpoenas to parties are nonetheless allowable. See Mort. Info. Servs., Inc. v. Kitchens, 210 F.R.D. 562, 564-65 (W.D.N.C. 2002).

3. The Court finds the rate charged by Mr. Musgrave is reasonable after having reviewed the USAO Attorney's Fees Matrix. See Brown v. Transurban USA, Inc., 318 F.R.D. 560, 575-76 (E.D. Va. 2016) (finding that the USAO "Matrix is useful 'as a guideline for reasonable attorneys' fees'" and "other courts in the Fourth Circuit have used" the Matrix) (quoting In re Neustar, No. 1:14-cv-885 (JCC/TRJ), 2015 WL 8484438, at *10 n.6 (E.D. Va. Dec. 8, 2015))). Mr. Mull's rate is slightly above the USAO matrix. However, because the deviation is minimal, the Court finds that Mr. Mull's rate is also reasonable.

award of fees and expenses incurred in "making the motion." A substantial number of the entries under the correspondence category possess only a tangential connection to drafting and arguing Plaintiff's Motion. Therefore, it is unreasonable to award those fees.

In terms of sanctions, Rule 37(b)(2)(C) states that should a court find that a party has failed to obey a discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." FED. R. CIV. P. 37(b)(2)(C). A court may only decline to award expenses if "the failure was substantially justified or other circumstances make an award of expenses unjust." Id. Additionally, even though this case involves post-judgment discovery, a court "has the authority under Rule 37 to impose sanctions for failing to comply with appropriate discovery requests made in aid of the judgment or execution of the judgment." Va. Brands, LLC v. Kingston Tobacco Co, Inc., No. 4:10-cv-00009, 2013 WL 1249070, at *3 (W.D. Va. Mar. 26, 2013) (citations omitted).

Before awarding sanctions under Rule 37(b), a court must also consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement, Educ. and Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998). However, in terms of awarding attorney's fees and costs under 37(b)(2)(C), the Fourth Circuit is not entirely clear on whether a court must in fact make a finding of bad faith. See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597-98 (4th Cir. 2003) (holding that a bad faith determination is not required for sanctions under Rule 37(c)(1) because "the exclusion analysis under Rule 37(c)(1) is limited by the specific language of that provision"). Rule 37(b)(2)(C) does not provide a court with the same amount of discretion as Rule 37(b)(2)(A). See Ins. Recovery Grp., Inc. v. Connolly, 977

F. Supp. 2d 16, 26 (D. Mass. 2013) ("A plain reading of Rule 37 makes the award of reasonable expenses upon *any* violation of a discovery order, as a general matter, mandatory, not permissive."). Therefore, it stands to reason that although a court may consider the existence of bad faith, such a finding is not a necessary pre-condition for an award fees and costs pursuant to Rule 37(b)(2)(C).

In this case, the Court directed Defendant to comply with the terms of Plaintiff's subpoena by October 22, 2018, or else face sanctions. Defendant did not meet the court-ordered deadline. However, Defendant did appear before the Court for the November 16, 2018, hearing on Plaintiff's Motion for Sanctions as well as the November 30, 2018, and December 14, 2018, hearings. While Defendant did not immediately provide Plaintiff's counsel with all of the requested documentation at the November 16th hearing, Defendant did come into full compliance with the Court's order by the December 14th hearing. As a result, all of Plaintiff's requested sanctions, with the exception of attorney's fees and costs, are moot. Nonetheless, Plaintiff is still entitled to reasonable expenses, including attorney's fees, caused by Defendant's discovery failure, unless one of Rule 37(b)(2)(C)'s exceptions apply. The Court finds neither of those exceptions or the Anderson factors counsel against awarding Plaintiff attorney's fees and costs.

For the majority of the relevant proceedings, Defendant proceeded pro se and is thus "entitled to some deference" from the court. See White v. Lever, 5:09-cv-81-RLV-DCK, 2009 WL 4062878, at *1 (W.D.N.C. Nov. 20, 2009) (citations omitted); see also Bauer v. C.I.R., 97 F.3d 45, 49 (4th Cir. 1996). However, it is well settled that "[p]ro se litigants are not immune from any sanction by virtue of their status alone." Matthews v. Rational Wiki Found., No. 1:14-cv-257, 2017 WL 1129974, at *2 (E.D. Va. Mar. 24, 2017) (quoting Zaczek v. Fauquier Cty., Va., 764 F. Supp. 1071, 1076 (E.D. Va. 1991)); see also Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989). The

Court may have been willing to deny a fee request in this instance had Defendant offered an explanation for his failure to timely comply with the Court's order; Defendant provided no such explanation. In fact, Defendant, who has since retained counsel, did not object to Plaintiff's request for fees. Thus, the Court is left to find that Defendant's failure to comply was not substantially justified nor is an award of fees unjust.

Consequently, Plaintiff shall be awarded its fees and costs incurred in bringing its motion for sanctions upon a determination that they are reasonable. The Court finds that Plaintiff's counsel reasonably spent 15.4 total hours in connection with its Motion, consisting of 8.2 hours by Bryan M. Mull and 7.2 hours by David S. Musgrave. (Dkt. 22-2 at 4.) Again, the Court declines to award Plaintiff fees for counsel's correspondence. Additionally, the Court finds that document review as well as time spent by Mr. Musgrave conferencing with Defendant and his counsel[4] are not reimbursable under the circumstances. Therefore, the Court finds that Plaintiff should be awarded $6,778 in attorney's fees.

Accordingly, Defendant shall be awarded $9,953 in attorney's fees, consisting of $3,175 for its Motion for Contempt and $6,778 for its Motions for Sanctions. Additionally, Defendant shall also be awarded $911.19 in costs. An appropriate order shall issue

The Clerk is directed to forward a copy of this Opinion to parties and counsel of record.

ENTERED this 9th day of January, 2019.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

4. Per counsel's itemized time entries, significant portions of Mr. Musgrave's appearances at the November 16th, November 30th, and December 14th hearings involved conferencing with Defendant. (Dkt. 22-2 at 4.) The Court declines to award fees for the majority of that time and thus reduces Ms. Musgrave's time by 3.5 hours (reduction of $1,820).

5